No. 33,810

THE STATE OF KANSAS, *Appellee*, v. JIM STIFF, *Appellant*.

(83 P. 2d 424)

Opinion on postdecision motions filed October 15, 1938. (For original opinion of affirmance, see 148 Kan. 224, 80 P. 2d 1089.)

*Earl Knight*, of Arkansas City, and *Charles B. Hudson*, of Wichita, for the appellant.

*Clarence V. Beck*, attorney general, *Earl N. Wright*, county attorney, and *George Templar*, of Arkansas City, for the appellee.

*Ed Rooney* and *Jacob A. Dickinson*, both of Topeka, as *amici curiae*.

The opinion of the court was delivered by

HARVEY, J.: Counsel for appellant filed a motion for rehearing which consists largely of a reargument of the points argued in appellant's original brief, all of which were fully considered by the court before the opinion was written. This motion has been fully considered by the court and is denied.

Counsel *amici curiae* have filed a brief in support of the motion for rehearing in which we are requested to reverse the judgment of the trial court for the sole purpose of directing a resentence of double the penalty of the crime for which appellant was convicted in lieu of the life sentence imposed by the court and approved in our opinion. This is upon the theory that the prior convictions of defendant, found and used as a basis for the life sentence, were in federal court, each upon a charge that defendant had conspired with others to violate the laws of the United States. The maximum punishment for this offense under the federal statute is a fine of $10,000 and imprisonment in the penitentiary for two years. The statute provides no minimum; hence, the punishment may be a fine only, or a jail sentence. The fact that the punishment may be imprisonment for a term exceeding one year makes it a felony under the federal statute. In this respect the federal statute is similar to our own. (G. S. 1935, 62-104.) Counsels' argument is that for the purpose of imposing the additional punishment provided by our statute for habitual criminals the test should not be the statutory definition of felony, but should depend upon whether the punishment imposed in the prior convictions was a penitentiary sentence

or something less. Counsel advise us the record in this case discloses that in the three previous convictions of this appellant of a felony in the federal court there was only one of them in which he was given a penitentiary sentence, which he served; that in one of the other cases he was given a jail sentence for six months, and in the other he was put on parole.

On this point counsel cite and rely upon *People v. Trimble,* 18 Calif. App. 2d 350, 63 P. 2d 1173, where the holding of the court is in accord with counsels' argument, and this case was followed in *People v. Rowland,* 19 Calif. App. 2d 540, 65 P. 2d 1333. Counsel apparently overlook the fact that the decisions in the California cases were predicated specifically upon a statute of that state (section 17 of the penal code), which reads as follows:

"A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison."

We have no such statute in this state, hence these decisions are not in point.

This motion is denied.