No. 35,513

WILBERT WEATHERS, *Appellant,* v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Appellee.*

(125 P. 2d.373)

Opinion filed May 9, 1942.

*Wilbert Weathers* was on the briefs *pro se.*

*Jay S. Parker,* attorney general, and *Jay Kyle,* assistant attorney general, were on the motion for appellee.

The opinion of the court was delivered by

THIELE, J.: This was a proceeding for a writ of habeas corpus. The district court denied the petitioner's application, and he has appealed.

It may first be noted that in this court the appellee has filed a motion that the appeal be dismissed for the asserted reason the appellant is not being held by reason of the commitments of which he complains, but by reason of a previous commitment. It is not made to appear that any such showing was made in the trial court or considered by it, and we therefore consider the appeal only on the record presented by the appellant.

In his petition for the writ of habeas corpus the appellant alleged he was being held by virtue of three commitments, one for robbery

in the first degree, one for highway robbery and one for assault with intent to kill. In the abstract of the record a copy of the first commitment is not included, but from the copies of the other two commitments it appears that on April 6, 1929, appellant was sentenced to the penitentiary for first-degree robbery for a term of 2 (evidently 20) to 42 years. The other two commitments show appellant was sentenced to the penitentiary for life. To avoid repetition we shall take up and discuss seriatim appellant's contentions why his detention under the several commitments is illegal.

With respect to the first commitment, and as has been noted, on April 6, 1929, appellant was sentenced for the crime of first-degree robbery. His petition discloses this was a second offense and a second conviction. He contends that under R. S. 21-107 his sentence should have been for 21 years. There is no showing he was sentenced under the statute on which he relies. The section on which appellant relies had been a part of our crimes act since before statehood. (See Acts of 1859, ch. 28, § 278; G. S. 1868, ch. 31, § 289.) But in 1937 it was specifically repealed by section one of chapter 209 of the Laws of 1937. The substance of the section was that on a second conviction of a felony, if the offense were such that on a first conviction the offender could be punished for a limited term of years, the punishment should be for the longest term prescribed upon conviction of the first offense. Later the legislature, by Laws 1903, chapter 375 (G. S. 1935, 62-1521 et seq.), enacted the indeterminate-sentence law affecting length of sentence for all felonies except murder and treason, the act being held constitutional in State v. Stephenson, 69 Kan. 405, 76 Pac. 905. Under its provisions sentence is imposed for a term not exceeding the maximum nor less than the minimum term provided for the crime for which the person was convicted. In 1927 the legislature passed an act providing additional penalties for second and third convictions. (Laws 1927, ch. 191, now appearing as G. S. 1935, 21-107a.) Under this act a person convicted a second time of felony shall be confined not less than double the time of the first conviction. In State v. Close, 130 Kan. 497, 287 Pac. 599, this statute was construed, and it was held the legislature intended to increase the punishment imposed by doubling the punishment which would have been imposed had the convict been a first offender. The punishment for robbery in the first degree is not less than 10 nor more than 21 years (G. S. 1935, 21-530). The record affirmatively discloses appellant was convicted a second time of felony and his

sentence was properly fixed at from 20 to 42 years, under the provisions of G. S. 1935, 21-107a.

With respect to the second commitment, we are advised by the respondent's motion to dismiss that a corrected commitment was issued, but as it does not appear to have been presented to the trial court we shall consider the matter only as shown in the abstract, which discloses that on March 16, 1932, appellant was convicted of and committed for the crime of "highway robbery." Appellant contends no such offense is denounced in our crimes act. For our purposes here, we shall assume he is correct, and that on the commitment, as shown in his abstract, his detention is unlawful.

With respect to the third commitment we note the following: The record as abstracted discloses that on March 16, 1932, appellant pleaded guilty to a charge of assault with intent to kill; that on September 23, 1924, he had been sentenced to the Kansas state reformatory for assault, and on April 6, 1929, he had been sentenced to the Kansas penitentiary for first degree robbery, and that he should be confined "in penitentiary of Kansas habitual criminal Sec. 21-107 RS for the period of life." Appellant directs our attention to the statute cited and contends that as the punishment for the crime is from six months to five years (G. S. 1935, 21-435) on his conviction of felony a second time, the greatest sentence he could lawfully receive under R. S. 21-107 would be ten years. It appears from the record that appellant was not sentenced under the statute mentioned in the commitment and on which he relies, but that on the contrary he was sentenced under the so-called habitual criminal statute, to which reference has already been made and which provides "if convicted a third time of felony, he shall be confined in the penitentiary during his life." (G. S. 1935, 21-107a.) The statements as to two previous convictions for felony and the sentence for life cannot be subordinated to the obviously wrong reference to a section of the crimes act, which served no useful place in the commitment and must be treated as surplusage.

Appellant also contends that his detention is unlawful because his commitment was not signed by the judge of the trial court. That is not required by our code of criminal procedure. In substance it is provided that when a convict has been sentenced the clerk shall deliver a certified copy thereof to the sheriff, who shall cause the convict to receive the punishment to which he was sentenced (G. S. 1935, 62-1518). Such showing as is here made is that this was done.

We have carefully read the abstract of the record as presented to the trial court, and find therefrom that no questions of fact but only of law were presented. We have also carefully read the two briefs filed in this court by the appellant which cover not only the questions of law presented by his petition for the writ of habeas corpus, but many matters extraneous thereto. We are convinced the trial court did not err in refusing to issue the writ prayed for, and its judgment is affirmed.