No. 35,807

In the Matter of the Application of VIRGIL CURRENT. (VIRGIL CURRENT, *Petitioner*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Respondent*.)

(133 P. 2d 584)

Opinion filed January 23, 1943.

*Virgil Current*, pro se.

*Jay S. Parker*, attorney general, and *Shelley Graybill*, assistant attorney general, for the respondent.

The opinion of the court was delivered by

SMITH, J.: The original papers in this case were received sometime prior to October 16, 1942. They were not filed at once on account of the fact that it was a little difficult to tell just what the petitioner was driving at. However, after some correspondence between the attorney general and the board of administration, the papers were treated as a petition for a writ, ordered filed and the attorney general answered for the respondent.

The case came to the attention of the court when a motion of petitioner that counsel be appointed for him was reached on the docket. On the consideration of this motion the merits of the case were considered as they appear from the petition and the records of petitioner at the penitentiary, which are not disputed by petitioner.

In his application the petitioner does not attack the regularity or legality of any of the proceedings on account of which he was committed to the penitentiary. He makes the positive allegation that he has served more than his legal sentence and that officials

at the penitentiary have destroyed records which would show this. Later in his application he alleges that he is entitled to 565 days' pay (coal time) and 340 days (mine time). He leaves the inference, while he does not allege such to be a fact, that had he been given proper credit for the 905 days' time he would have served full sentence and would be entitled to his release. He does not say why the prison officials did not give him credit for these days. There is in the record a sworn statement of petitioner that the records of the prison show that he mined 288 tons of coal in excess of his task and that the state allowed one day for each 1,000 pounds and twenty-five cents, or two days and fifty cents per ton for each ton mined in excess of a prisoner's task; that this coal was all mined between 1932 and 1935. The petition does not say, but it is common knowledge prisoners who work in the coal mine at Lansing are allowed some good time on account of the fact that they do work in the mine, and prisoners are allowed a credit in addition to the above for every ton of coal, over a certain task, that each was able to mine.

At any rate, this petition, while it alleges that the petitioner has served his legal sentence, does not say when he was sentenced, when he reached the institution, for what crime he was sentenced, nor for how long a sentence. We must look to the records of the institution for that. On the face of the petition, if petitioner had earned the good time of which he speaks, and if a prison official was maliciously refusing to give him credit for this time, and if with this credit his sentence would have expired, then he would be entitled to his release.

For an answer to the petition, the attorney general filed a general denial, and in addition thereto certified copies of all the records of cases pursuant to which the prisoner was incarcerated. These show that on January 4, 1932, petitioner was informed against in two different criminal actions for larceny of an automobile. The cases were consolidated, he was found guilty, and because he was only twenty-three years old he was on January 9, 1932, sentenced in each case to be confined in the Kansas Industrial Reformatory at Hutchinson, until discharged by the board of managers, for not less than five years nor more than fifteen years, the sentences to run concurrently. This record does not disclose what happened to petitioner during his incarceration. Presumably he was paroled from serving all of this sentence, because on January 22, 1938, petitioner was informed against by the county attorney of Reno county

in two counts, one for larceny of an automobile, and another for receiving stolen property. He pleaded guilty to the larceny count and was sentenced on January 22, 1938, to the penitentiary at Lansing to a term of not less than ten nor more than thirty years.

Also, on January 22, 1938, this petitioner was informed against for the crime of robbery. He pleaded guilty to this charge and was sentenced on the same day to be confined at the state penitentiary for not less than ten nor more than twenty-one years.

It will be seen that unless petitioner receives executive clemency, even if he should be given credit for the time he claims to have earned and should receive credit for good time, he is not entitled to his release yet as a matter of right and will not be entitled to it for several years yet. Unless he is paroled or pardoned or his sentence commuted he will have to serve for thirty years from January 22, 1938, less time off for good behavior. The question of whether he is entitled to the good time to which he claimed to be entitled cannot be adjudicated in a petition for a writ of habeas corpus unless a decision of that question in favor of the petitioner would entitle him to his immediate release. (See *Martin v. Amrine,* ante, p. 384, 133 P. 2d 582; G. S. 1935, 60-2201; also, *McNally v. Hill,* 293 U. S. 131, 79 L. Ed., 239.)

On this account it does not appear that it would be of any benefit to petitioner to appoint an attorney for him. Furthermore, since petitioner does not challenge in any particular the proceedings pursuant to which he is confined nor the record of the proceedings furnished us by respondent, we have considered the petition on its merits and have concluded that the writ should be denied. It is so ordered.

PARKER, J., not participating.