No. 36,876

MELVIN LEWIS ELLIOTT, *Petitioner*, v. FRED J. EVANS, Judge of the District court of Hamilton County, *Respondent.*

(177 P. 2d 211)

Opinion filed February 6, 1947.

Melvin Lewis Elliott was on the briefs *pro se.*

The opinion of the court was delivered by

THIELE, J.: In this case .the petitioner has filed a document which he entitles "Petition for Redress." It is apparent ·that it was not drawn by one skilled in the law, but it appears that petitioner contends he was not lawfully sentenced to the state penitentiary by the district court of Hamilton county. ·If the relief prayed for be granted petitioner would be entitled to his release, and we therefore treat his petition as one for a writ of habeas corpus on the ground later mentioned. It may be here noted that previously the petitioner sought a writ of habeas corpus on grounds other than are now asserted, and that petitioner's claims of right

to relief were denied in an opinion filed July 6, 1946, and reported in *Elliott v. Hudspeth*, 161 Kan. 611, 170 P. 2d 626. As appears from the first paragraph of that opinion petitioner was committed to the penitentiary for the crime of larceny from a dwelling house as defined in G. S. 1935, 21-537. We note, however, that in that opinion appears the following statement:

"The charge actually was larceny in a dwelling house where value is not material but where the offense is a felony (G. S. 1935, 21-513)." (l.c. 617)

The citation is erroneous and should have been G. S. 1935, 21-537 as correctly stated at the beginning of the opinion.

In his petition in the present case, the petitioner assumes that he was charged under G. S. 1935, 21-513, but he then states that he was sentenced under G. S. 1935, 21-537, which he states denounces a crime foreign to the crime to which he pleaded guilty. In that petitioner is in error for he was charged with an offense denounced in the latter section of the statute. The real point on which petitioner relies however is this: It developed at his trial in Hamilton county, Kansas, in October, 1942, that petitioner had been convicted of a felony in the state of Oregon and, as petitioner now states, he was there sentenced to serve a term not exceeding eighteen months. Upon the showing of a previous conviction of a felony, the district court of Hamilton county, acting under the provisions of Laws of 1939, ch. 178, § 1 (now appearing as G. S. 1945 Supp. 21-107a) sentenced him for a term not exceeding fourteen years. The last mentioned statute reads as follows:

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction; and if convicted a third time of felony, he shall be confined in the penitentiary for a period of not less than fifteen years. Judgment in such cases shall not be given for the increased penalty, unless the court shall find, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state."

Petitioner contends that under that statute the district court erred in doubling the sentence under G. S. 1935, 21-537, and should have doubled the sentence imposed upon him for his previous conviction in the state of Oregon, or not to exceed three years. If that were true, he would have served the maximum sentence.

The statute above quoted had its origin in Laws of 1927, ch. 191,

§ 1 (appearing as G. S. 1935; 21-107a), and was amended in 1939 to read as quoted above. The change made by the amendment is not of present importance. The statute has been held to be valid. (See *Hutton v. Amrine*, 153 Kan. 436, 111 P. 2d 540, and cases cited therein.) It was interpreted in *Childs v. Amrine*, 155 Kan. 383, 125 P. 2d 349, where it was held:

"Under the provisions of the 1927 habitual criminal act (G. S. 1935, 21-107a) it was intended, in the event a second felony was committed, to double the punishment which would have been imposed if defendant had been a first offender. The sentence to be doubled is that sentence which ordinarily would have been imposed for the first commission of the second offense and not the 'sentence prescribed for the commission of the first felony for which the person was previously convicted." (Syl. ¶ 2.)

See, also, *Weathers v. Amrine*, 155 Kan. 434, 125 P. 2d. 373.

Petitioner's contention that the district court erred cannot be sustained. He is not entitled to the writ of habeas corpus, and the prayer of his petition must be denied. It is so ordered