No. 36,797

WALTER RICE, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas
State Penitentiary, *Respondent*.

(178 P. 2d 230)

Opinion filed March 8, 1947.

*Walter Rice* was on the briefs *pro se*.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *A. B. Mitchell,* attorney general, and *Leon W. Lundblade,* assistant attorney general, were with him on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This is an original proceeding in habeas corpus. Petitioner seeks his release from the state penitentiary on the ground he is unlawfully restrained of his liberty.

His petition for the writ, in substance, alleges: Petitioner was denied the right of counsel; the court refused to appoint counsel for him; he was denied a trial by jury; he was convicted upon hearsay evidence and was not sentenced by a judge.

The petition alleges each and all of the above facts are disclosed by the court records. To the petition is attached an uncertified copy of the journal entry of judgment and sentence for murder in the first degree. It does not bear the signature of the judge of the district court in which petitioner was sentenced.

The answer and return of the respondent, R. H. Hudspeth, warden of the Kansas state penitentiary, denies all of the allegations contained in the petition except those specifically admitted. None is admitted. To the answer are attached certified copies of the following instruments on file in the office of respondent, to wit: The information, plea of guilty, journal entry of judgment and sentence; a written confession by petitioner of the murder describing in detail the manner in which the murder was committed and the motive prompting its commission (the confession was signed by five witnesses); a letter of the prosecuting attorney to respondent written at the time of petitioner's commitment and a record of petitioner kept by the federal bureau of investigation.

Petitioner's reply, in substance, alleges: He was not assisted by counsel and the trial court did not offer to appoint counsel or permit petitioner to obtain counsel; the written statement of petitioner contained in respondent's answer, if true, could only have been obtained by duress; the letter of the county attorney written to respondent at the time of petitioner's commitment is proof of duress and intimidation; the journal entry contained in respondent's answer is not the same as the one petitioner obtained from the clerk of the district court on May 21, 1946.

In support of respondent's answer affidavits are filed by the county attorney and by the person who was the clerk of the district court at the time of the prosecution and sentence. The affidavit of the county attorney, in substance, discloses: He remembered the case of the petitioner and the facts pertaining thereto; the written confession of petitioner was made voluntarily before him and other witnesses and without any threats, promises or coercion whatsoever (the signed statement concedes that to be true); the Honorable F. W. Boss, district judge at the time petitioner entered a plea of guilty, is deceased; petitioner was fully advised by the court of his constitutional rights, including his right to counsel and that if he were unable to employ counsel the court would provide counsel for him; the statements of petitioner touching his denial of counsel and denial of trial by jury are totally untrue; petitioner voluntarily pleaded guilty and was sentenced on such plea; affiant does not now recall whether a separate journal entry was drafted, approved by himself and signed by the district judge; none can now be found in the files of the court but judgment was rendered by the district court as evidenced by the recitals shown at page 613 of journal No. 47 of the records of the clerk of the district court of Cherokee county, Kansas.

A certified copy of the journal entry is attached to the affidavit of the county attorney. It discloses petitioner entered a plea of guilty and was sentenced for murder in the first degree. It discloses petitioner appeared in his own proper person. Its recitals are silent with reference to any request for the appointment of counsel and with respect to an offer of the trial judge to provide counsel for him if he desired it.

The affidavit of the person who was clerk of the district court at the time of the prosecution, judgment and sentence, in substance,

discloses: He remembered the case on which petitioner pleaded guilty to the charge of murder; he knows that a journal entry was prepared and filed by the judge of the district court, the late W. F. Boss, and that the same was filed with the clerk of the district court and placed in the files of the court and later transcribed in the journal book; by inadvertence the name of the district judge was not copied into the journal; the original journal from which the journal entry was prepared is not in the files and for some reason has been lost.

A certified copy of the remarks of the trial court, as disclosed by the trial docket and furnished by the present clerk of the district court, reveals the following:

"May 24, 1922. Case called—Deft present—Information read. Deft asked to plead thereto—Pleads guilty to Murder in the first degree—Deft asked whether he has any thing to say or any reason to give why sentence should not be pronounced on his plea of guilty—none given—Deft is thereupon sentenced to be taken, by Sheriff of Cherokee Co., Kansas and delivered to Warden of State Penitentiary, at Lansing, Ks., there to be confined at hard labor for and during his natural life for the crime of Murder in the first degree, to pay costs of prosecution. Remanded—

"F. W. Boss, Judge."

The burden is, of course, on the petitioner to prove the facts upon which he relies for his release by a preponderance of the evidence. (*Bissell v. Amrine,* 159 Kan. 358, 155 P. 2d 413.) See, also, opinions in *Downs v. Hudspeth* and *Crisp v. Hudspeth,* both this day decided, ante, pp. 567, 575. In determining whether the writ should issue we shall give the allegations of the petition the same force and effect as if they were made in open court on oral examination or as if they were contained in petitioner's deposition. The facts upon which petitioner relies as being disclosed by the records themselves are not so disclosed. Furthermore, the allegations of his petition are directly and positively denied by evidence of the respondent. In determining whether the writ should issue we may completely ignore the written statement of confession signed by the petitioner prior to judgment and sentence as well as the letter written to the warden of the state penitentiary by the county attorney at the time of petitioner's commitment. Not only the affidavit of the county attorney, who prosecuted the action, but also the notes of the trial judge on his trial docket disclose petitioner desired to plead guilty. Reliable evidence also discloses petitioner was offered counsel by the district judge if he desired it.

This is an original action in this court. We think petitioner has not met the burden of proof with respect to the charge that he was denied counsel or that he was denied a trial by jury or that he was sentenced on hearsay evidence or that he was not sentenced by the judge of the district court of Cherokee county.

The fact a journal entry of judgment, in a case tried prior to the change in the criminal code in 1941, may recite defendant was without counsel is not proof he was deprived of counsel. (*Garrison v. Amrine,* 155 Kan. 509, 126 P. 2d 228, certiorari denied 317 U. S. 630, 63 S. Ct. 51, 87 L. Ed. 509; *Hill v. Hudspeth,* 161 Kan. 376, 168 P. 2d 922.) At the time petitioner was sentenced (1922) our code did not require that the journal entry state the statute under which defendant was charged and pleaded guilty, or the statute under which he was sentenced, as petitioner contends was necessary. (*Crisp v. Hudspeth,* this day decided, *ante,* p. 567.)

The writ is denied.