No. 37,340

ELMER O. WILSON, *Petitioner*, v. R. H. HUDSPETH, Warden of the
Kansas State Penitentiary, *Respondent*.

(199 P. 2d 776)

Opinion filed November 30, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause, and was on the briefs
for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward
F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This is an original proceeding in habeas corpus.

The petitioner seeks his release from confinement in the state
penitentiary on the following grounds:

(1) The trial courts were in violation of the due process of law
provisions of the fourteenth amendment to the constitution of the
United States.

(2) He was deprived of his constitutional rights in that he was
denied the right to counsel.

(3) He was denied the right to a fair, impartial and lawful trial
by jury in the district court of Wyandotte county.

(4) He was forced to enter a coerced plea in case No. 13,454-Cr.
and No. 14,263-Cr. before the forty-eight hour period had expired
following the service of the papers and the reading of the informa-
tion and he was sentenced on the same day he was arraigned.

(5) The information in cases No. 14,263-Cr. and No. 14,264-Cr.
were erroneously drawn in that they did not contain any degrees
or any statute numbers and were in violation of the fourteenth
amendment.

(6) The journal entries in cases No. 13,454-Cr. and No. 14,263-
Cr. were erroneously drawn in that they do not state or show any
specific statutes providing for sentences and they are drawn in vio-
lation of the due process of law clause of the fourteenth amendment.

(7) The sentences have expired and the petitioner is being il-

legally held in prison after he has done more time than required by the Kansas state statutes.

(8) Kansas officers, namely, James Cashin and Harry Hartung, plain-clothes officers, kidnapped petitioner in Kansas City, Mo., on January 24, 1937, and petitioner was forced at gun point to enter their car and to accompany them to Kansas City, Kan., without the consent of the state of Missouri, and in violation of the petitioner's constitutional rights.

(9) The sentence in case No. 14,263-Cr. was postdated by a politically-appointed officer of the Kansas state penitentiary, Mr. C. W. Wilson, record clerk, who is without legal jurisdiction to change any sentence of any inmate.

Petitioner was convicted in the district court of Wyandotte county on April 11, 1940, in two separate cases, pursuant to separate pleas of guilty in each case. In the first case he was charged with forgery in the second degree on two counts and in the other case with assault with intent to commit rape. The sentence in the first case was for a term not to exceed ten years and in the second case for a term not to exceed five years. The journal entry of judgment in the second case is silent relative to whether the sentences imposed in the two cases were to run consecutively or concurrently.

The alleged grounds for release will be treated in the order stated. The first ground states a mere conclusion and cannot form the basis for a writ. We assume, however, petitioner intended thereby to contend that the sentence under an information rather than under an indictment by a grand jury is void. That contention, as repeatedly held by this court, is not good. Touching the second ground it should be stated judgment and sentence were pronounced prior to the enactment of G. S. 1947 Supp. 62-1516 and while G. S. 1935, 62-1304, was in force and effect. Under the latter statute a defendant was entitled to counsel only in the event he requested it. The petitioner does not expressly allege that he requested counsel. He does state he was denied the right of counsel. The affidavit of Arthur J. Stanley, Jr., who was county attorney of Wyandotte county at the time petitioner was sentenced, persuades this court petitioner did not request counsel and that he was not denied the right of counsel. An accused may, of course, waive his right to counsel. (*Rice v. Hudspeth*, 162 Kan. 596, 178 P. 2d 230.) Where a person accused of a crime has been sentenced pursuant to his plea of guilty the judgment when collaterally attacked by habeas corpus

carries with it a presumption of regularity. (*Brewer v. Amrine*, 155 Kan. 525, 127 P. 2d 447, certiorari denied, 317 U. S. 702, 87 L. Ed. 561, 63 S. Ct. 525.) · In view of the record before us there is not only a presumption of regularity but proof of regularity which the petitioner has failed to overthrow. His release cannot be granted on the second ground.

Touching the third ground it is sufficient to say that in view of the journal entry of judgment and other evidence in the record petitioner has completely failed to show he was denied a fair and impartial trial by jury. Where an accused enters a plea of guilty he will not be permitted to contend he was not tried or convicted of the offense charged (*State v. Brady*, 156 Kan. 831, 842, 137 P. 2d 206) or to contend there was insufficiency of proof. (*Crisp v. Hudspeth*, 162 Kan. 567, 178 P. 2d 228.) With respect to the fourth ground it should be noted that the provision of G. S. 1935, 62-1302, pertaining to the service of a copy of an indictment or information on a defendant or his counsel at least forty-eight hours before the defendant is arraigned applies to capital offenses. These were not capital offenses. Moreover, the record in this case is entirely insufficient to establish the averment the petitioner was at any time coerced to plead guilty. In fact, the record satisfied us petitioner was not coerced to enter his plea and was not denied the right to trial by jury. ·It repeatedly has been held the fifth ground of the petition cannot be sustained. (G. S. 1935, 62-1004, 62-1010; *Lang v. Amrine*, 156 Kan. 382, 383, 133 P. 2d 128; *Bailey v. Hudspeth*, 164 Kan. 600, 191 P. 2d 894.) As previously stated the judgment and sentence in the instant cases were all pronounced prior to the effective date of G. S. 1947 Supp. 62-1516 which required the journal entry to state the statutes under which a defendant was charged and sentenced. Moreover, case No. 13,454-Cr. mentioned under the sixth ground is not pertinent to the instant case for the reason that petitioner, as will presently appear, is not now being confined under the sentence imposed against him in that case in 1937.

We shall now examine petitioner's seventh ground in which he alleges his sentences have expired. In order to clarify the situation it is well to call attention to a sentence imposed on the petitioner prior to the sentences imposed on April 11, 1940. The record discloses petitioner was convicted and sentenced on charges of forgery in the second degree in two cases in the district court of Wyandotte county (cases No. 13,454-Cr. and No. 13,455-Cr.) on January 25,

1937, and was sentenced in each of such cases to a term not exceeding ten years, the sentence in the second case to run concurrently with that in the first case. He was paroled June 1, 1939. On April 14, 1940, that parol was revoked by reason of the fact the petitioner had become delinquent on the new charges and sentence pronounced on April 11, 1940. He was returned to the penitentiary on or about April 14, 1940, as a parole violator. The petitioner was caused to serve out the unexpired term of his maximum possible imprisonment under the sentence imposed January 25, 1937, which expired August 14, 1943. On the latter date petitioner was given a citizen's pardon by the governor of this state for that offense. He was on the same date rebooked by the authorities at the penitentiary on the first of the sentences imposed April 11, 1940. Petitioner is now serving the one-to-ten-year sentence for forgery in the second degree imposed April 11, 1940, in case No. 14,263-Cr. It appears the respondent has not yet booked petitioner on the sentence of April 11, 1940, for the charge of assault with intent to commit rape in case No. 14,264-Cr. The record now before this court fails to disclose petitioner has completed the service of his sentence imposed in the forgery case. In this situation we need not determine whether under the provisions of G. S. 1935, 62-1512, petitioner could be entitled to his release under the sentence imposed on April 11, 1940, for the crime of assault with intent to commit rape even though his sentence in the forgery case had been fully served. The allegations contained in the eighth ground for the writ apparently pertain to bringing petitioner into Kansas from Missouri prior to his conviction in January, 1937. As previously indicated, petitioner is not now being confined under that sentence. There can be no doubt the district court of Wyandotte county had full jurisdiction of petitioner's person and the subject matter when it tried and sentenced him on April 11, 1940.

The substance of the ninth ground of the petition has been treated previously. The petition contains three additional paragraphs which constitute general allegations and present nothing in addition to the grounds already considered.

The writ is denied.