No. 37,396

FRANK SMITH, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(199 P. 2d 804)

Opinion filed November 30, 1948.

*Charles W. Lowder*, of Kansas City, argued the cause and was on the briefs for the petitioner.

*Harold R. Fatzer*, assistant attorney general, argued the cause, and *Edward F. Arn*, attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This is an original proceeding in habeas corpus by which the petitioner, Frank Smith, seeks his release from confinement in the state penitentiary to which he was sentenced to serve a term of life imprisonment June 30, 1921, upon conviction of the murder of Frank Forney, pursuant to a plea of guilty.

The grounds of his petition for release, in substance, are:

(1) He was denied the right to be indicted by a grand jury before being brought to trial and sentenced for murder in the first degree in violation of the fifth and fourteenth amendments.

(2) He was denied the right to be properly represented by counsel, the right to due process of law and the right to a fair, impartial

and lawful trial by jury in the district court of Sumner county, Kansas.

(3) The information upon which he was prosecuted did not contain any degree or any statute numbers and it did not allege petitioner violated any specific statutes of the state of Kansas.

(4) The journal entry was erroneously drawn because it did not contain the statute under which he was sentenced and the journal entry was drawn in violation of the fourteenth amendment and the constitution of the state of Kansas.

(5) The prosecutor, sheriff and trial court forced petitioner to enter a coerced plea the same day the information was filed, and before the forty-eight hour period had elapsed, and while petitioner was under threats and fear of mob violence. His plea was entered against his will and wishes in violation of the fourteenth amendment.

(6) The court was without jurisdiction to try petitioner and to impose judgment and sentence upon him because of the unconstitutional information and while he was denied the right to be properly represented by counsel in violation of the fourteenth amendment.

Additional general averments contained in paragraphs seven and eight of the petition are in the nature of legal conclusions and arguments of the pleader.

Most of the grounds now relied upon by the petitioner were presented and denied in a former case. (*Smith v. Amrine,* 156 Kan. 486, 134 P. 2d 400.) Although such former judgment does not preclude the filing of the instant proceeding we shall refer, without detailed reiteration, to certain facts which were there considered and where no substantially new or different facts are now presented.

We have repeatedly held the first ground alleged in the instant proceeding is not good. Touching the second ground it should be stated the trial judge, the county attorney, and counsel appointed by the district court to represent the petitioner in the criminal action are all deceased. That was true at the time the former decision was rendered by this court. (*Smith v. Amrine,* supra.) With respect to the contention petitioner was denied the right to be properly represented by counsel it is well to observe that G. S. 1947 Supp. 62-1516, which became effective April 12, 1941, was not in effect on the day of trial and sentence and has no retroactive effect. The effective statute at that time, G. S. 1935, 62-1304, did, how-

ever, require the court to appoint counsel for an accused if he was unable financially to employ counsel but only in the event the defendant requested counsel. There is no allegation the petitioner requested counsel. Nevertheless when the trial court ascertained petitioner was without counsel he appointed Mr. E. J. Taggart, an able and experienced lawyer, to represent him. John Bradley was Mr. Taggart's law partner. Mr. Bradley's name appears with that of Mr. Taggart on the journal entry of judgment in the criminal case. An affidavit by Mr. Bradley, which was also considered by this court in the former case, discloses that he, in fact, represented the petitioner throughout the criminal proceedings; that he conferred with the petitioner and advised him of his rights; that petitioner freely admitted he had shot Frank Forney for the reason that Forney had refused to give him a job; that he (Mr. Bradley) conferred with the petitioner again "some two hours" prior to the pronouncement of sentence and that petitioner desired to enter his plea of guilty; that the district judge inquired of petitioner whether he knew he was entitled to a trial by jury to which petitioner replied that he did but desired to enter his plea and be sentenced; that the trial judge asked petitioner if he knew that a plea of guilty meant life imprisonment and petitioner replied that he did and that he, the petitioner, knew of no legal cause why sentence should not be imposed upon him. The petitioner has not met the burden of proof with respect to the second ground of his petition.

The third ground of the petition is not good. (G. S. 1935, 62-1004, 62-1005, 62-1010; *Lang v. Amrine,* 156 Kan. 382, 383, 133 P. 2d 128.) Touching the fourth ground it is sufficient to say that it was unnecessary prior to the enactment of G. S. 1947 Supp. 62-1516 for the journal entry to recite the statute violated or the statute under which sentence was imposed. (*Rice v. Hudspeth,* 162 Kan. 596, 178 P. 2d 230.) The fifth ground cannot be sustained. The requirement that the defendant be served with a copy of an indictment or information at least forty-eight hours before arraignment applies only to capital offenses. Murder in the first degree was not a capital offense in this state on June 30, 1921, the date petitioner was sentenced. Moreover, the same statute expressly provides that neglect of the clerk to serve a copy of an indictment or information shall not be sufficient ground to set aside the verdict where a defendant pleads or goes to trial without objecting to the failure to have such copy served. (*Crebs v. Hudspeth,* 160 Kan.

650, 657, 164 P. 2d 338.) Touching the allegation that petitioner entered his plea under threats and fear of mob violence and against his wishes we have not only the affidavit of his attorney, Mr. Bradley, formerly mentioned, but also the affidavit of Dan M. Ratekin, the undersheriff of Sumner county at the time of trial and sentence, which combined affidavits completely refute the allegations of the petition on this point. Touching the matter of fear of mob violence see, also, *Smith v. Amrine,* supra. The record in the instant case is likewise entirely insufficient on that point to meet the burden of proof required. The complaints alleged in the sixth ground have been fully covered by previous treatment.

The writ is denied.