No. 37,908

WILLIAM LEE HAYES, *Appellant*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Appellee.*

(217 P. 2d 904)

Opinion filed May 6, 1950.

*William Lee Hayes* was on the briefs *pro se.*

*Harold R. Fatzer,* attorney general, *Willis H. McQueary,* assistant attorney general, and *Colonel H. Boone,* county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by the petitioner in a habeas corpus proceeding.

On April 27, 1948, appellant was convicted in the district court of Shawnee county on a charge of burglary in the second degree under G. S. 1935, 21-520 and larceny committed in connection therewith, pursuant to G. S. 1935, 21-524. On May 25, 1948, he was sentenced to confinement in the state penitentiary for a period not less than five nor more than ten years on the offense of burglary and for a period of not exceeding five additional years for the offense of larceny, as provided by G. S. 1935, 21-523 and under G. S. 1935, 62-1521 of our indeterminate sentence law. He is confined pursuant to commitment.

In the verified petition for a writ filed in the district court of Leavenworth county appellant listed various grounds upon which he sought his release. That application was supplemented by what purports to have been appellant's arguments in the district court. The verified answer of respondent, the warden, contained duly certified copies of the information, journal entry of conviction and sentence in the district court of Shawnee county. The answer alleged petitioner was legally confined and his sentence had not expired. The answer denied generally all allegations of the petition not admitted or explained. None was admitted and none was explained in petitioner's favor.

The journal entry of judgment in the criminal case discloses: Appellant was represented by counsel in the trial of his case in Shawnee county; his counsel argued various motions prior to arraignment; appellant introduced his evidence; the motion for a new trial was argued and denied; appellant being asked by the trial judge if he had any legal reason why sentence should not be pronounced upon him answered he had none.

Appellant has perfected no appeal from the judgment in the criminal case.

The substance of appellant's contentions in support of his application for the writ in the district court of Leavenworth county may be summarized as follows:

The judgment of the district court of Shawnee county is null and void for the reason he was arrested without a warrant and was confined for a period of seventy-two hours prior to arraignment upon a formal charge; during such time he was denied the right to summon counsel and was not permitted to communicate with anyone; he was denied the right to subpoena witnesses; his oral confession, which was not reduced to writing, witnessed or certified, was received in evidence; the arresting officers, without a search warrant, searched his room at the time of his arrest and seized clothing and aluminum ware; the latter was used in evidence against him; prosecution under an information granted arbitrary power to the county attorney and was invalid; the state infringed upon his legal rights under the bill of rights of our state constitution and the fourth, sixth and fourteenth amendments of the federal constitution.

The journal entry of judgment of the district court of Leavenworth county denying petitioner a writ discloses appellant offered his evidence in full and rested. The record appellant has presented in this court contains no abstract of the evidence adduced or offered in support of the petition for a writ. The result is there is no compliance with the rules of this court pertaining to a record on appellate review. A total failure to present the required record here leaves nothing on which prejudicial error, if any existed, can be predicated. Except for the fact appellant, a layman, represented himself in the habeas corpus proceeding below and does likewise here we would be entirely justified in dismissing the appeal. It is noted, however, that for a layman appellant indicates rather unusual familiarity with criminal matters and some understanding of criminal procedure.

Rather than dismiss the appeal we have concluded to state a few fundamental principles of law appellant seems to have overlooked. On the basis of his own argument they render a reversal impossible.

The burden is on the petitioner to prove the grounds on which he relies for his release. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147.) The district court found petitioner failed to meet that burden. The unsupported statements of a petitioner do not meet the requirements of proof. Records of courts are not set aside upon the unsupported statements of a defeated litigant. (*Cochran v. Amrine,* 153 Kan. 777, 113 P. 2d 1048; *Jamison v. Hudspeth,* 168 Kan. 565, 567, 213 P. 2d 972.) The complaints on which he contends he introduced evidence in addition to his own are not grounds for the issuance of a writ.

A proceeding in habeas corpus is not a substitute for redress of trial errors which, if they exist, may be corrected on appeal. (*Townsend v. Hudspeth,* 167 Kan. 366, 205 P. 2d 483.) A statement by petitioner that his counsel in the criminal case in which he was convicted failed to subpoena certain witnesses in petitioner's behalf does not in itself constitute proof of professional incompetency or justify the granting of a writ of habeas corpus. (*Miller v. Hudspeth,* supra.) The contention his conviction is void by reason of the fact the prosecution was based on an information filed by the county attorney rather than on an indictment returned by a grand jury is without merit. (*Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894.) We also pause to state appellant's contention that household articles stolen by him for the purpose of converting them to his own use, and found in his room by the officers when making his arrest, were not competent evidence because seized without a search warrant, is not good. (*State v. Johnson,* 116 Kan. 58, 226 Pac. 245; *State v. Fiske,* 117 Kan. 69, 70, 230 Pac. 88.) In this connection see, also, *United States v. Rabinowitz,* 339 U. S. 56, 94 L. ed. 407, 70 S. Ct. 430, decided February 20, 1950, distinguishing certain former decisions.

Appellant's record presented to this court fails to disclose any error committed in the denial of the writ.

The judgment of the district court is affirmed.