No. 38,894

In the Matter of the Petition of Virgil Current for a Writ of Habeas Corpus, VIRGIL CURRENT, *Petitioner*, v. ROBERT H. HUDSPETH, Warden, Kansas State Penitentiary, *Respondent*.

(250 P. 2d 798)

Opinion filed December 6, 1952.

*Virgil Current*, petitioner, was on the briefs *pro se*.

*Harold R. Fatzer*, attorney general, and *Paul E. Wilson*, assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This is an original proceeding in habeas corpus.

Petitioner seeks his release from confinement in the state penitentiary where he is presently serving time under sentences imposed in 1938 and again in 1945.

Petitioner's conviction on two felony charges in Rice county in 1932 and on two felony charges in Reno county in 1938 and his sentences imposed thereon need not be reviewed again. They are fully treated in *Current v. Amrine*, 156 Kan. 388, 133 P. 2d 584.

Reference is hereby made to the facts therein recited. In that case petitioner did not attack the regularity or legality of any of the proceedings under which he had been committed. His contention there was he had served more time than his legal sentence required. Our decision in that case was rendered in 1943. In concluding petitioner was not entitled to his release we said in part:

"It will be seen that unless petitioner receives executive clemency, even if he should be given credit for the time he claims to have earned and should receive credit for good time, he is not entitled to his release yet as a matter of right and will not be entitled to it for several years yet. Unless he is paroled or pardoned or his sentence commuted he will have to serve for thirty years from January 22, 1938, less time off for good behavior. The question of whether he is entitled to the good time to which he claimed to be entitled cannot be adjudicated in a petition for a writ of habeas corpus unless a decision of that question in favor of the petitioner would entitle him to his immediate release." (p. 390.)

Petitioner's sentence had not expired as a matter of law in 1943 and he was not entitled to his release as a matter of right. That is equally true now. It follows if petitioner is presently entitled to his release it must be on some ground which renders his imprisonment unlawful.

Before considering petitioner's contentions in that respect we pause to mention a few subsequent developments disclosed by the answer and return of respondent. It appears that according to the penitentiary records petitioner's 1938 sentence was booked as beginning May 19, 1943. On petitioner's application the governor on September 22, 1944, directed such sentence should begin to run from the date thereof, namely, January 22, 1938. It will be observed such alleged commutation in nowise affected the maximum time which remained for petitioner to serve under his 1938 sentence as stated in *Current v. Amrine,* supra. It merely made the penitentiary records conform to the 1938 sentence.

We also note from respondent's answer and return the petitioner was paroled on August 7, 1945. In October, 1945, petitioner, while on parole, was again convicted in Reno county on charges of burglary and grand larceny. The journal entry in that case discloses he was represented by counsel and that evidence of two former felony convictions, introduced before sentence, was admitted by petitioner as true and that he was sentenced to confinement in the state penitentiary for a term of not less than thirty years on each count, the sentences to run concurrently, and "to run concurrently

with any other sentences that are to be served by him at that time." Petitioner had not served the maximum 1938 sentence.

The petitioner is representing himself in the instant proceeding. His petition does not make some of his contentions entirely clear. We shall, however, give him the benefit of any doubt we may entertain on the subject.

His first contention appears to be he had never been convicted and sentenced *to the penitentiary* before 1938 and that the 1938 sentence, therefore, should not have been doubled pursuant to our habitual criminal law. (G. S. 1949, 21-107a.) That contention appears to be based on the theory he was sentenced to commitment *in the state reformatory* in 1932 and not to *the state penitentiary*. It is true his 1932 sentence was to the state reformatory and that G. S. 1949, 21-107a provides:

"Every person convicted a *second time* of felony, the punishment of which is confinement *in the penitentiary*, shall be confined in the penitentiary not less than double the penalty of the second conviction. . . ." (Our italics.)

Petitioner's contention cannot be sustained. The controlling and determinative factor in doubling the sentence is whether he was convicted a second time *of a felony*, the punishment for which is confinement in the penitentiary. His second conviction was for a felony punishable by confinement in the state penitentiary. That was also true of his first convictions in 1932. The fact he was actually committed in 1932 to the state reformatory, a corrective institution, instead of to the penitentiary does not alter the fact the felonies he committed in 1932 were punishable by confinement in the state penitentiary. It is the nature of the first offense, a felony, petitioner committed and not the particular punishment which was imposed therefor that is controlling. In *State v. Frizzell*, 137 Kan. 35, 19 P. 2d 694, we held:

"In determining whether the term of imprisonment of one convicted of a felony should be increased because of his prior conviction of a felony, as provided by R. S. 1931 Supp. 21-107a, the fact that the prior conviction was of a felony is controlling rather than the punishment adjudged at the time of the prior conviction." (Syl. ¶ 3.)

See, also, *State v. Stiff*, 148 Kan. 457, 83 P. 2d 424.

It appears petitioner's next contention is the 1938 sentences violated the sixth and fourteenth amendments of the federal constitution for the reason petitioner did not have counsel before or during the trial and hence was deprived of due process as that guarantee

has been construed. The journal entry of judgment in those cases does not·reveal whether petitioner had counsel. It does disclose he entered his plea of guilty. No coercion, intimidation or misrepresentation is presently alleged as an inducement to enter his plea of guilty in 1938 and those convictions were admitted without objection thereto when he was again convicted and sentenced in 1945. Petitioner was not a minor in 1938. The journal entry affirmatively discloses petitioner was asked by the court if he had any legal cause to show why judgment and sentence should not be pronounced against him and that petitioner replied in the negative. In order to overthrow the plain recitals of a judgment the burden is on petitioner to disclose their inaccuracy. Records of courts are not set aside upon the unsupported statements of a defeated litigant. (*Hayes v. Hudspeth,* 169 Kan. 248, 250, 217 P. 2d 904.) Such evidence is not produced.

Petitioner next asserts he was not advised of his right to counsel or asked if he desired counsel in the 1938 prosecution. G. S. 1935, 62-1304, which was then in full force and effect, provided:

"If any person about to be arraigned upon an indictment or information for felony be without counsel to conduct his defense, and be unable to employ any, it shall be the duty of the court to assign him counsel *at his request,* not exceeding two, who shall have free access to the prisoner at all reasonable hours." (Our italics.)

No evidence is presented in this proceeding petitioner was unable to employ counsel or that he requested the court to assign counsel. The above statute and G. S. 1935, 62-1516 were repealed and amended in 1941. (See chapter 291, laws 1941; G. S. 1949, 62-1304; 62-1516.) The new enactments were designed to provide more adequate protection to citizens charged with the commission of criminal offenses. In passing this court has no hesitancy in saying the new provisions are in harmony with justice and fair dealing and that it is determined to maké the legislative will effective. Prior to the new law this court, however, had no alternative except to declare and enforce the legislative intent as expressed in its previous enactment, where no evidence of fraud, misrepresentation or unfair dealing with a defendant was disclosed.

In *Smith v. Hudspeth,* 166 Kan. 222, 199 P. 2d 804, cited by respondent, we said:

"With respect to the contention petitioner was denied the right to be properly represented by counsel it is well to observe that G. S. 1947 Supp. 62-1516, which became effective April 12, 1941, was not in effect on the day of trial

and sentence and has no retroactive effect. The effective statute at that time, G. S. 1935, 62-1304, did, however, require the court to appoint counsel for an accused if he was unable financially to employ counsel but only in the event the *defendant requested counsel*. There is no allegation the petitioner requested counsel." (Our italics.)

To the same effect on the specific point is *Wilson v. Hudspeth*, 166 Kan. 214, 215, 199 P. 2d 776, cited by respondent, in which we also said:

"An accused may, of course, waive his right to counsel. (*Rice v. Hudspeth*, 162 Kan. 596, 178 P. 2d 230.) When a person accused of a crime has been sentenced pursuant to his plea of guilty the judgment when collaterally attacked by habeas corpus carries with it a presumption of regularity. (*Brewer v. Amrine*, 155 Kan. 525, 127 P. 2d 447, certiorari denied, 317 U. S. 702, 87 L. Ed. 561, 63 S. Ct. 525.)" (p. 215, 216.)

The presumption therefore is petitioner did not request counsel in 1938. The presumption is not refuted. Petitioner had counsel in the 1945 prosecution in which he was convicted of burglary and grand larceny. In that action, as stated, petitioner admitted the evidence of two former felony convictions. His sentence on the 1945 convictions for a term of not less than thirty years has not expired. The petition for the writ must, therefore, be and it is hereby denied.