No. 39,328

WILLIAM H. ENGLING, *Appellant,* v. C. A. EDMONDSON, Warden, Kansas State Penitentiary, *Appellee.*

(267 P. 2d 487)

Opinion filed March 6, 1954.

*William H. Engling* was on the briefs *pro se.*

*Harold R. Fatzer,* Attorney General, and *Thomas M. Evans,* Asst. Attorney General, were on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal by the petitioner in a habeas corpus proceeding.

On May 11, 1951, upon his plea of guilty in the district court of Russell County, petitioner was convicted on each of two counts of murder in the first degree and upon each count was sentenced to life imprisonment in the state penitentiary, the sentences to run consecutively.

In June, 1953, he commenced a proceeding against the warden of the state penitentiary in the district court of Leavenworth County for a writ of habeas corpus. Following a hearing thereon that court denied the writ and petitioner has appealed.

In his abstract of the record petitioner has not included any of the evidence received in the lower court, and, as a result, there is no compliance with the rules of this court pertaining to a record on appellate review. Except for the fact petitioner, a layman, represented himself in the habeas corpus proceeding below, and does likewise here, we would be entirely justified in dismissing the appeal. However, the state has furnished the court with an abstract of certain court records of the case, and we therefore consider the appeal.

We are advised that the substance of the petition filed in the court below is that the journal entry of conviction was not signed by the sentencing judge; that petitioner was sent to the penitentiary

without a commitment; that no coroner's inquest was held; that he was not sentenced to death; that he was not ready for trial; that perjured testimony was used at the trial, and that no complaint or warrant was served at the time of his arrest.

It may be stated that petitioner's "abstract and brief" filed with this court contains substantially the same allegations, and in addition charges malicious collusion on the part of authorities of Russell County at the time of his arrest and trial.

In the state's abstract and brief the journal entry of judgment of the district court of Russell County is set out in full. It shows that petitioner was represented by two competent and experienced court-appointed attorneys, and that he entered his plea of guilty to each of the two counts of the information charging murder in the first degree. The journal entry of judgment was signed by the district judge and signed and approved by counsel for the prosecution and for petitioner. In fact, as we read the journal entry of judgment, the proceedings in that court complied with applicable law in all respects.

Complaint is made that petitioner was sent to the penitentiary without a commitment. G. S. 1949, 62-1518, in substance provides that when a convict has been sentenced the clerk shall deliver a certified copy thereof to the sheriff, who shall cause the convict to receive the punishment to which he was sentenced. Such showing as is here made is that this was done. (*Weathers v. Amrine,* 155 Kan. 434, 436, 125 P. 2d 373, 317 US 631, 87 L ed 509, 63 S Ct 52.)

Complaints that no coroner's inquest was held, and that petitioner was not sentenced to death, are likewise without merit. Here the cause of the deaths was not unknown (G. S. 1949, 19-1003), and, furthermore, G. S. 1949, 21-403, provides that persons convicted of murder in the first degree may be punished by death or by confinement for life. Petitioner, after a hearing before the sentencing court as to the facts and circumstances concerning the homicides, was sentenced to the penitentiary for life on each of the two counts.

There is absolutely nothing in the record before us to support the contention that petitioner was not ready for trial. There is no indication that he even asked for a continuance. Furthermore, in view of his plea of guilty, such contention is without merit.

With reference to the charges of malicious collusion on the part of the authorities, and that perjured testimony was received at his trial, there is nothing in the record before us to support either charge.

The court, as it had a right to do (G. S. 1949, 21-403), heard evidence so as to determine which punishment should be inflicted. Petitioner was sentenced to the penitentiary rather than to death.

And finally, petitioner's contention that no complaint or warrant was served at the time of his arrest, even if true, is of no avail to him in view of his plea of guilty which had the effect of waiving any and all irregularities prior to the entry of such plea.

The burden is upon petitioner to prove the grounds upon which he relies for his release. The district court of Leavenworth County found that he failed to meet that burden. The unsupported statements of a petitioner in a habeas corpus proceeding do not meet the requirements of proof. Records of courts are not set aside upon the unsupported statements of a defeated litigant. And neither is a proceeding in habeas corpus a substitute for appeal. (*Hayes v. Hudspeth,* 169 Kan. 248, 250, 217 P. 2d 904, 340 US 835, 95 L ed 613, 71 S Ct 17; *Scott v. Hudspeth,* 171 Kan. 320, 232 P. 2d 464; and *Current v. Hudspeth,* 173 Kan. 694, 250 P. 2d 798, 345 US 943, 97 L ed 730, 73 S Ct 837.)

An examination of the record before us discloses that the lower court did not err in denying petitioner a writ of habeas corpus, and its judgment is affirmed.