No. 41,139

VIRGIL CURRENT, *Petitioner*, v. TRACY HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Respondent*.

(336 P. 2d 397)

Opinion filed March 7, 1959.

*Virgil Current, pro se.*

*John A. Emerson,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the brief for the respondent.

The opinion of the court was delivered by

JACKSON, J.: This is an original proceeding in habeas corpus. The petitioner is not a stranger to this court. A previous proceeding in habeas corpus, involving the same conviction and sentence which petitioner is still serving in the state penitentiary and which is here again attacked in these proceedings, will be found in *Current v. Hudspeth,* 173 Kan. 694, 250 P. 2d 798, certiorari denied, *Current v. Hudspeth, Warden,* 345 U. S. 943, 97 L. Ed. 1369, 73 S. Ct. 837.

In *Current v. Amrine,* 156 Kan. 388, 133 P. 2d 584, we find another habeas corpus proceeding in which petitioner endeavored to attack certain former convictions under which during the year 1942, he was incarcerated in the state penitentiary. It would seem that petitioner must have eventually received a parole as to his former convictions, otherwise he would not have been able to return to Reno county and commit additional acts of larceny and burglary for which he has now been tried and sentenced to the penitentiary.

In the habeas corpus proceeding found in *Aldrich v. Hudspeth,* 166 Kan. 553, 203 P. 2d 135, a confederate and co-defendant of the petitioner, who together with petitioner pleaded guilty and received· an identical sentence with petitioner in the same case in

the district court of Reno county, attempted to raise almost the identical objections as to the mutual sentence for a term of imprisonment for not less than thirty years. Such sentence under sections 21-107a and 21-109, G. S. 1935 (see same sections, G. S. 1949) was shown to be valid in the last cited opinion.

While the doctrine of *res judicata* does not apply in successive applications for habeas corpus, and while this state has no corresponding statute to 28 U. S. C. § 2244, still the courts of this state need not spend more time than necessary in disposing of successive applications for the writ of habeas corpus where the petition appears clearly insufficient.

The petition herein is denied. It is so ordered.