No. 25,545.

THE STATE OF KANSAS, *Appellee,* v. OSCAR BOTTS AND MINNIE
DIETRICH (MINNIE DIETRICH, *Appellant*).

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Bank Robbery—Constitutionality of Statute.* Certain constitutional and other objections to the statute defining and punishing the crime of bank robbery, R. S. 21-531, examined and not sustained.

Appeal from Jefferson district court; MARTIN A. BENDER, judge. Opinion filed November 8, 1924. Affirmed.

*J. B. Wilson,* of Lawrence, for the appellant.

*Charles B. Griffith,* attorney-general, *W. O. Worswick,* county attorney, and *H. T. Phinney,* of Oskaloosa, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of bank robbery and appeals, challenging the constitutionality of the statute under which she was prosecuted. . The statute reads:

"That if any person shall enter or attempt to enter the premises of a bank or trust company or any banking association, with intent to hold up or rob any bank or trust company or banking association, or any person or persons therein or thought to be therein, of any money or currency or silver or gold, or nickels or pennies or of anything of value belonging to, or in the custody of, said bank or trust company or banking association, or from any person or persons therein; or shall intimidate, injure, wound or maim any person therein with intent to commit such holdup, 'stick-up' or robbery, he shall, upon conviction thereof, be sentenced to be imprisoned in the penitentiary at hard labor for a term of not less than ten years nor more than fifty years." (R. S: 21-531.)

Defendant invokes familiar principles of constitutional law which declare that inherently innocent and harmless acts having no debatable relationship to general welfare, health, safety or morals cannot be arbitrarily decreed to be criminal by mere legislative fiat. On such broad and indisputable premises defendant argues that this statute makes it a crime to have an evil intention unaccompanied by any act. Her counsel say:

"Can it be said that for one to enter the premises of a bank with an evil intent, but without any evil act, has anything whatever to do with the public welfare, health, safety or morals of the community? Or that it involves any offense or manifest evil? It seems really ridiculous, as well as dangerous, for the legislature to place in the category of the most serious of felonies the mere possession of an evil intention when in the performance of a perfectly harmless

act. To enter the premises of a bank is from every aspect innocent and commendable."

But this proposition begs the question. The statute seeks to denounce and punish the act of entering a bank with the evil intent of robbery. It is analogous to that section of the crimes act which defines burglary in the second degree to be the act of entering a dwelling house with intent to commit a felony or other larceny therein. (R. S. 21-516.) This general theme is discussed at length in *The State v. McCarthy,* 115 Kan. 583, 223 Pac. 44.

Among other objections to the statute it is contended that it is a *banking law,* and that no banking law can have any force until it has been submitted to and approved by the electors of the state. (Const. art. 13, § 8.) That constitutional provision pertains to banks having authority to issue their own circulating currency, of which there have been none in this state for fifty years or more. (*Pape v. Capitol Bank,* 20 Kan. 440.) But the statute in question is not a banking act. Bank property is peculiarly liable to successful invasion by criminals—hence the statute, which is a salutary and highly necessary police regulation for the protection of bank property and for the protection of persons in charge of bank property.

The other objections urged against the statute have all been noted, but none of them has any merit, nor is anything further suggested on defendant's behalf which would justify discussion.

Judgment affirmed.