No. 30,679.

THE STATE OF KANSAS, *Appellee*, v. ALLEN FRIZZELL, *Appellant*.

(19 P. 2d 694.)

Opinion filed March 11, 1933.

*Thomas E. Wagstaff, Jay W. Scovel,* both of Independence, *Earl J. Taggart* and *John R. Bradley,* both of Wellington, for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, *John A. Potucek,* county attorney, and *Bert E. Church,* of Wellington, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Allen Frizzell was charged with the offense commonly known as bank robbery, and in a second count with robbery in the first degree. He was convicted on both counts and has appealed. A former judgment of conviction was reversed by this court (*State v. Frizzell,* 132 Kan. 261, 295 Pac. 658) because certain incompetent evidence prejudicial to the defendant was received. That error was not repeated at the trial from which this appeal is taken. A general statement of facts made in the former opinion need not be repeated here.

Appellant first contends that the court erred in admitting the testimony of one Otis Baker in rebuttal and argues if the evidence were competent at all it should have been offered in chief. Defendant had offered evidence of his whereabouts on a date in question,

which evidence tended to support the defense of alibi. In rebuttal the state called Otis Baker as a witness, who testified that he saw defendant with two other men at a place near the scene of the crime at a time shortly after it was committed, which tended to rebut testimony of witnesses of defendant as to his whereabouts at that time. The evidence was competent in rebuttal. (R. S. 62-1438; 16 C. J. 870; *State v. Abrams,* 115 Kan. 520, 223 Pac. 301; *State v. Haines,* 128 Kan. 475, 477, 278 Pac. 767; *State v. Bauman,* 133 Kan. 27, 298 Pac. 772.)

Appellant complains that the court admitted evidence of another similar offense. That question was determined adversely to the contention of the appellant in the former decision of this case, where it was pointed out the purposes for which such evidence might be used and the limitations thereon. There is no contention that the evidence was not offered in strict conformity with the ruling of this court; neither is any complaint made concerning the instruction of the court on that point.

Appellant next contends that the verdict is contrary to law. By its verdict the jury found the defendant "guilty of bank robbery as charged in the first count of the information." Appellant argues that the words "bank robbery" are not found in the statute, hence that the conviction was of an offense not mentioned in the statute. It is true the words "bank robbery" are not found in the statute itself. The revision committee used them as head notes (R. S. 21-531). They were used in the former decision of this case as a short description of the offense charged (132 Kan. 261, 262, 295 Pac. 658), and are fairly appropriate for that purpose. The verdict, however, does not rest on those words alone, but contains the further language "as charged in the first count of the information." This language would have been sufficient in the verdict had not the words "bank robbery" been used, for the information charges facts constituting the offense defined by the statute (R. S. 21-531) under the subhead of "Bank robbery." In this connection see *State v. Treadwell,* 54 Kan. 513, 38 Pac. 799; *State v. Dietrich,* 117 Kan. 105, 230 Pac. 329; *State v. Tower,* 122 Kan. 165, 173, 251 Pac. 401; *State v. Caton,* 134 Kan. 128, 4 P. 2d 677; and *State v. Phillips,* 136 Kan. 407, 15 P. 2d 408.

Appellant contends that the verdict is contrary to the evidence. There was a sharp conflict in the evidence as to plaintiff's partici-

pation in the robbery of the Corbin bank. A number of witnesses for the state positively identified him as being one of the persons participating in the robbery. Other witnesses called by defendant testified to his presence elsewhere at the time of the robbery. The weight to be given to all of this evidence was for the jury and the trial court. There is an abundance of substantial competent evidence to support the conviction. Indeed, it is not contended otherwise. The verdict will not be disturbed. (*State v. Davis,* 106 Kan. 527, 188 Pac. 231; *State v. Scott,* 82 Kan. 856, 107 Pac. 558.)

A question is raised as to the sentence. At the time of passing sentence the court had before it evidence of the conviction of the defendant of robbery and larceny at a previous time, and that under those convictions he had been confined to the state reformatory at Hutchinson in punishment for his crimes. On that showing the court, under the authority of R. S. 1931 Supp. 21-107a, pronounced sentence for double the time that would have been given had this been his first conviction. Appellant complains of that and says that because he was confined in the state reformatory under the previous conviction and not confined in the state penitentiary the increased time of punishment was not justified under the statute. It was argued that the punishment actually imposed under the prior conviction is controlling rather than the nature of the offense. We think this not a correct interpretation of the statute. It reads:

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction; and if convicted a third time of felony, he shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty, unless the court shall find, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state."

We think the fact of the former conviction of a felony committed by the prisoner is the controlling factor irrespective of the particular punishment that might have been imposed.

We find no error in the record, and the judgment of the court below is affirmed.