No. 41,967

Gordon P. Murray, *Petitioner* v. Tracy A. Hand, Warden, Kansas
State Penitentiary, *Respondent.*

(356 P. 2d 814)

Opinion filed November 12, 1960.

*Gordon P. Murray,* petitioner, was on the briefs *pro se.*

*J. Richard Foth,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the briefs for the respondent.

The opinion of the court was delivered by

Jackson, J.: The petitioner herein was convicted of grand larceny by the Sedgwick county district court after a jury trial and was sentenced to the penitentiary for a term not to exceed ten years, since it was made to appear that petitioner had a prior felony conviction in the United States District Court of Alabama, all as provided for in sections 21-524 and 21-107a of G. S. 1949. The only real point which the petitioner attempts to raise is that he should not have been sentenced as a habitual criminal because he was within a general presidential pardon as to the prior federal conviction. This presidential pardon was given to all persons honorably discharged from the armed services after serving as much as a year's active duty during World War II.

It is quite clear that petitioner misconstrues the effect of section 21-107a. It is the fact that petitioner had been convicted of a prior felony, not the term of imprisonment which he actually served or the fact that he was subsequently given a pardon which is controlling as to the applicability of section 21-107a in determining the length of the sentence for the conviction of a second felony, see *Current v. Hudspeth,* 173 Kan. 694, Syl. No. 1, 250 P. 2d 798, and other cases cited in the opinion.

The question of the effect of a pardon upon the use of a prior conviction as to the various habitual criminal laws is extensively anno-

tated in 31 A. L. R. 2d 1186. It is readily apparent that most of the states and the federal courts which have passed upon the question have held that even though a prisoner has received a pardon as to a prior felony conviction, the conviction may and should be used in determining his sentence upon subsequent conviction of a felony. At first, a few of the older cases held that the prior conviction had been wiped from the records by the pardon and should not be used. This view has been largely discredited. The courts of Texas and Oklahoma originally appear to have followed the ·so-called minority view, but have long since reversed their former holdings and hold the prior pardoned offense may be considered in determining whether the prisoner is a habitual criminal. (*Alston Jones v. The State*, 141 Tex. Cr. R. 70, 147 S. W. 2d 508; *John Square v. The State*, 145 Tex. Cr. R. 219, 167 S. W. 2d 192; *Newton v. State*, 56 Okla. Cr. 391, 40 P. 2d 688.)

Two of the additional state authorities which cover the question are: *Dean v. Skeen, Warden*, 137 W. Va. 105, 70 S. E. 2d 256, and *Shankle v. Woodruff*, 64 N. M. 88, 324 P. 2d 1017.

The Supreme Court of the United States has put to rest any thought that the majority holding of the states upon this question might violate the United States constitution by affirming the constitutionality of the construction given the habitual criminal act of New York by the Court of Appeals of that state in *Carlesi v. New York*, 233 U. S. 51, 58 L. Ed. 843, 34 S. Ct. 576. The construction of the California habitual criminal act in accord with the majority view was approved in *Groseclose v. Plummer*, 9 (C. C. A.) 106 F. 2d 311, cert. denied, 308 U. S. 614, 84 L. Ed. 513, 60 S. Ct. 264.

The allegations of the petition require no further comment. The petition for a writ herein must be denied.

It is so ordered.