No. 44,705

CLIFFORD LEEROY PERRIN, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(426 P. 2d 39)

Opinion filed April 8, 1967.

*Gaylord I. Maples,* of Peabody, argued the cause and was on the briefs for the appellant.

*Daniel D. Metz,* Assistant Attorney General, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is the second appeal from an order of the district court denying petitioner's motion pursuant to K. S. A. 60-1507 to set aside the sentence imposed upon his plea of guilty to the crimes of second degree burglary and grand larceny. Petitioner was sentenced to confinement in the Kansas State Penitentiary for a period of fifteen years pursuant to the Kansas Habitual Criminal Act. (K. S. A. 21-107a.)

In petitioner's first appeal (*Perrin v. State,* 196 Kan. 228, 410 P. 2d 298) the case was remanded because the district court erred in summarily denying petitioner's motion on the ground it was a second or successive motion.

The reasons for our ruling in the first appeal and the factual background relating to the procedings are fully set out in that opinion and need not be repeated.

Pursuant to directions in the first opinion the trial court appointed

counsel, returned petitioner from the penitentiary, and granted a full evidentiary hearing on all points raised in the motion.

The motion was heard on February 21, 1966, and on March 25, 1966, the trial court prepared findings of facts and conclusions of law and again denied petitioner's motion.

Two questions were presented to the trial court and are now raised in this appeal. (1) Was it proper to use a federal district court conviction where the sentence was later modified pursuant to the "Federal Youth Corrections Act" as a prior felony conviction to enhance the penalty under the Kansas Habitual Criminal Act? (2) Was the alleged lack of notice of intention to invoke the application of the Habitual Criminal Act a violation of constitutional due process under the Fourteenth Amendment to the Federal Constitution?

With respect to the first point petitioner relies on the premise that the federal conviction referred to was not a final conviction and thus could not serve as a prior conviction within the purview of K. S. A. 21-107a.

The conviction in question was for the crime of transporting stolen firearms in interstate commerce in violation of 15 U. S. C. A. § 902 (g). Petitioner was committed to the custody of the Attorney General for imprisonment for a term of five years by the United States District Court for the Northern District of California (Northern Division) on February 17, 1960. On June 2, 1960, the court modified the sentence as follows:

"It Is Hereby Ordered that the judgment pronounced against the defendant, Clifford L. Perrin, in the above entitled action on February 17, 1960, be modified in these particulars:

"(1) The Court now finds that the defendant, Clifford L. Perrin, is a youth offender within the meaning of the provisions of the Federal Youth Corrections Act (Title 18, United States Code, Chapter 402); and

"(2) The Court now orders and decrees that in lieu of the penalty of imprisonment otherwise provided by law, the defendant, Clifford L. Perrin, shall be, and he is, sentenced to the custody of the Attorney General for treatment and supervision pursuant to the provisions of the Federal Youth Corrections Act (Title 18, United States Code, Chapter 402) until discharged by the Youth Correction Division of the Board of Parole, as provided in § 5017 (c) of said Federal Youth Corrections Act."

18 U. S. C. A. § 5017 (c) reads:

"A youth offender committed under section 5010 (b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction."

At the time of the modification of the sentence on June 2, 1960, 18 U. S. C. A. § 5021 was in effect and provided:

"Upon the unconditional discharge by the Division of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the Division shall issue to the youth offender a certificate to that effect."

In 1961 this section was amended by designating the existing provision as subsection (a) and adding subsection (b) which reads:

"Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect."

It is conceded that petitioner had not been discharged unconditionally pursuant to either sections 5017 (c) or 5021 (b) at the time he was sentenced in the instant case.

The sentence now attacked was pronounced by the district court of Marion County on October 29, 1962. Petitioner argues that since the federal court conviction could have been expunged as provided for in the Youth Offenders Act it cannot be deemed a conviction within the meaning of K. S. A. 21-107a which, in pertinent part, provides:

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction; and if convicted a third time of felony, he shall be confined in the penitentiary for a period of not less than fifteen years. . . ."

We have considered the term *conviction* as used in 21-107a, *supra,* when the application of the statute was questioned under various circumstances. In *State v. Frizzell,* 137 Kan. 35, 19 P. 2d 694, the application of 21-107a was objected to because even though conviction was for a felony, sentence was to the state reformatory rather than the penitentiary, we said:

"We think the fact of the former conviction of a felony committed by the prisoner is the controlling factor irrespective of the particular punishment that might have been imposed." (p. 37.)

The rule as stated in *Frizzell* has been consistently adhered to since its pronouncement. (*Current v. Hudspeth,* 173 Kan. 694, 250 P. 2d 798, cert. den. 345 U. S. 943, 97 L. Ed. 1369, 73 S. Ct. 837; and *Murray v. Hand,* 187 Kan. 308, 356 P. 2d 814.)

Our view that it is the nature of the offense, not the punishment therefore, which determined the applicability of the Habitual Criminal Act has been extended to refute the claimed expunging of a conviction by presidential pardon (*Murray v. Hand*, supra) and by a governor's pardon. (*Johnson v. Crouse*, 191 Kan. 694, 383 P. 2d 978.)

The nature of a conviction which might be expunged pursuant to the Federal Youth Corrections Act was considered by the court in *People v. Loomis*, 231 C. A. 2d 594, 42 Cal. Rptr. 124. Loomis was convicted of possession of a pistol after a previous conviction of a felony. The previous felony was a federal conviction after which the sentence was modified pursuant to the Federal Youth Corrections Act, as in the instant case. Loomis had received a certificate setting aside the conviction pursuant to section 5021, *supra*, subsequent to the offense but prior to his conviction in the California court. In holding the previous federal conviction supported the state charge, the court stated:

"Appellant argues in effect that his June 13, 1963, discharge by the federal court must be given retroactive effect; that it 'wiped the slate clean' so far as his status as a convicted felon is concerned, and thus, even though he may have possessed a gun on May 4, 1963, he cannot now be considered to have violated Penal Code section 12021. We find this argument unconvincing. Appellant's status at the time he possessed the gun is the critical issue. At that time he was a person who had been convicted of a felony, within the meaning of both federal and state laws. His discharge from his federal conviction cannot operate to relieve him of a California offense committed by him before the date of his discharge. His status after the date upon which he committed the offense here in question or at time of trial is immaterial." (pp. 596, 597.)

We hold that the possibility of a discharge from petitioner's federal conviction cannot operate to vitiate such conviction with respect to the application of our Habitual Criminal Act. The status of petitioner after the date of his conviction and sentence by the Kansas district court is immaterial.

Petitioner directs our attention to *State v. Fountaine*, 196 Kan. 638, 414 P. 2d 75, in which we held an adjudication of delinquency against a juvenile, pursuant to the provisions of the Juvenile Delinquency Act, does not constitute a felony conviction within the purview of our Habitual Criminal Act. The instant case is clearly distinguishable. The Juvenile Delinquency Act (18 U. S. C. A. §§ 5031-5037) and the Federal Youth Corrections Act (18 U. S. C. A.

Ch. 402) are separate and distinctly different Acts. Fountaine was a juvenile, petitioner is not.

With respect to petitioner's second contention the trial court found that petitioner readily admitted the two previous convictions in open court and made no objection whatsoever to the sentencing proceedings. The findings of the trial court in this regard are substantiated by the transcript of the proceedings. The record discloses petitioner was represented by competent and experienced counsel at the time of the sentencing. There was no request for a continuance. When a defendant freely admits the former felony convictions and does not object to the increased sentence notice is waived and the judgment will not be set aside. (*State v. Messmore*, 175 Kan. 354, 264 P. 2d 911; *Sanders v. Hand*, 190 Kan. 457, 375 P. 2d 785; and *Johnson v. Crouse*, supra.)

An examination of the record discloses the findings of fact are supported by the record and in turn support the conclusions of law set forth by the trial court in its memorandum opinion.

The judgment of the lower court is affirmed.