No. 45,389

State of Kansas, *Appellee,* v. Robert Francis Shepley, *Appellant.*

(456 P. 2d 8)

Opinion filed June 14, 1969.

*Harry C. Blaker,* of Pleasanton, argued the cause and was on the brief for the appellant.

*Leighton A. Fossey,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is a criminal action in which the defendant pleaded guilty to the chages of burglary in the second degree and grand larceny, in violation of K. S. A. 21-515 and 21-533, respectively. The trial court accepted the defendant's plea and found him guilty as charged, sentencing him to the penitentiary under the habitual criminal act for one prior felony conviction. Appeal has been duly perfected by the defendant.

The appellant is an indigent and was represented by competent court-appointed counsel throughout these criminal proceedings. Counsel who represented the appellant in the trial did not represent him on appeal, and his present counsel was appointed to represent him on the appeal of this action.

The appellant contends he was not subject to sentence under the habitual criminal act (K. S. A. 21-107a) because the only

record used to invoke the act was a felony offense for which he was sentenced to the reformatory and not to the penitentiary.

K. S. A. 21-107a provides in part:

"Every person convicted a second time of felony, *the punishment of which is confinement in the penitentiary,* . . ." (Emphasis added.)

This question has been settled adversely to the appellant's contention in a number of cases. It is well settled in this state that it is the nature of the offense not the manner of punishment, which determines the applicability of the habitual criminal act. In *Perrin v. State,* 198 Kan. 650, 426 P. 2d 39, the holding of this court was stated as follows:

"We have considered the term *conviction* as used in 21-107a, *supra,* when the application of the statute was questioned under various circumstances. In *State v. Frizzell,* 137 Kan. 35, 19 P. 2d 694, the application of 21-107a was objected to because even though conviction was for a felony, sentence to the state reformatory rather than the penitentiary, we said:

" 'We think the fact of the former conviction of a felony committed by the prisoner is the controlling factor irrespective of the particular punishment that might have been imposed.' (p. 37.)

"The rule as stated in *Frizzell* has been consistently adhered to since its pronouncement. . . ." (p. 652.)

Other cases holding to the same effect are *Current v. Hudspeth,* 173 Kan. 694, 250 P. 2d 798, cert. den. 345 U. S. 943, 97 L. Ed. 1369, 73 S. Ct. 837; and *Murray v. Hand,* 187 Kan. 308, 356 P. 2d 814.

The appellant next contends his plea of guilty was entered because he understood he would be paroled on a sentence of only five years, and that the habitual criminal act would not be invoked.

This fact is not borne out by the record and appears only as the uncorroborated statement of the appellant in his brief. The record of the proceedings in the trial court are fully set out in the abstract. The record discloses the trial court fully and carefully advised the appellant of his rights and questioned him closely with reference to his plea of guilty to each of the charges and his reasons therefor. On this point the following appears in the record:

"The Court: Why do you wish to plead guilty to these offenses?

"Mr. Shepley: In hopes of a parole, sir.

"The Court: Well, of course, you understand the Court may or may not grant a parole?

"Mr. Shepley: Yes, sir.

"The Court: That is a matter that is entirely in the discretion of the Court. The Court has certainly not promised you any parole or consideration of that sort, is that correct?

"Mr. Shepley: No, sir.

"The Court: Do you understand that neither the county attorney nor your attorney nor the sheriff nor the clerk or anyone else can commit the Court to a certain—

"Mr. Shepley: Yes, sir.

"The Court: —course of conduct. And the Court may or may not grant probation later on. But with reference to the offenses that are charged, burglary in the second degree, the nighttime entry of a dwelling house, with the intent to commit larceny therein and the theft of certain property from the described dwelling house, do these facts exist? In other words, is that what occurred?

"Mr. Shepley: Yes, sir.

"The Court: And did you commit the acts that are charged in the Information?

"Mr. Shepley: Yes.

"The Court: You have not been threatened, I take it, by anyone?

"Mr. Shepley: No, sir.

"The Court: You have not been promised a parole or anything of that nature?

"Mr. Shepley: No, sir.

"The Court: And you make this plea voluntarily and understandingly, is that correct?

"Mr. Shepley: Yes, sir."

Lastly, the appellant contends the warrant issued, and his subsequent arrest and prosecution, were illegal because the warrant contained the names of other accused parties who were not arrested and not prosecuted.

These facts are not borne out by the record, but assuming them to be true, they do not afford the appellant a legal basis for complaint.

While there appears to be no Kansas statute expressly providing for the joinder of two or more persons in the same complaint and warrant, there likewise is no prohibition of such joinder in the statutes. The procedure of which the appellant complains is recognized in Kansas as it was at common law. That such procedure is recognized and permitted in Kansas is indicated by K. S. A. 62-1429, making provision for separate trials of persons jointly accused of crime. It has been held in *State v. Uhls*, 121 Kan. 377, 247 Pac. 1050, that this right of separation does not extend to preliminary examination, since it is not a part of the trial.

Whether the other parties named in the complaint and warrant were arrested and prosecuted on that complaint and warrant is immaterial.

Finding nothing in the record to warrant a reversal, the judgment of the lower court is affirmed.