No. 45,763

FRED MILLER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(460 P. 2d 501)

Opinion filed November 8, 1969.

*Robert H. Waters*, of Kansas City, argued the cause, and was on the brief for the appellant.

*Frank D. Menghini*, county attorney, argued the cause, and *Kent Frizzell*, attorney general, and *Nick Tomasic*, chief deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is a proceeding for post conviction relief under K. S. A. 60-1507.

In March, 1949, appellant Fred Miller was found guilty by a jury of the offense of murder in the first degree. His motion for new trial was overruled and on March 26, 1949, he was sentenced to life imprisonment. Throughout trial appellant was represented by retained counsel. No direct appeal was taken from this conviction.

In 1966 appellant filed his motion which is the subject of this appeal. The matter was presented to the trial court October 13, 1967, at which hearing appellant appeared and testified. The motion was denied and this appeal has ensued.

Appellant's 1507 motion is not included in the record before us but from the argument we gather that four contentions were made.

First, appellant seems to say that a confession received in evidence against him was not voluntarily made by him. If this be his contention, it cannot be sustained in the light of his own testimony. Appellant did testify at length at his 1507 hearing respecting the taking of his confession by police officers. Nowhere in his testimony, either directly or inferentially, did he state his confession was other than voluntarily given or in accord with then existing rules governing the making and admission into evidence of confessions.

Appellant contends that during his trial a brother of the victim (who was appellant's aunt by marriage) was seen mingling with and talking to certain jurors. It appears this matter was brought to the attention of the trial court but was not deemed of sufficient importance to warrant disturbing the verdict. At most this was a trial error and could not, in any event, afford ground for relief by way of 1507 proceeding (Rule 121 (c) (3), 201 Kan. xxxiii).

Appellant says he was unaware of his right to appeal his conviction and sentence. Assuming the truth of this allegation, the failure of the trial court in 1949 to advise appellant of his right to an appeal did not constitute a denial of a right guaranteed him by the federal or state constitutions (*Allen v. State,* 199 Kan. 147, 427 P. 2d 598).

Appellant's principal contention upon appeal is that he requested but was not furnished a transcript of the proceedings resulting in his conviction. It appears the notes of the court reporter who attended the trial could not be located so that a transcript could not be supplied. The court reporter, the trial judge and the attorney who conducted appellant's defense at his trial in 1949 are all deceased. Appellant contends this failure to furnish him a trial transcript amounts to an unconstitutional discrimination against him.

K. S. A. 20-903 does provide for the stenographic recording by the official court reporter of proceedings in district court and for the filing of such stenographic notes with the clerk of the court. Under K. S. A. 1968 Supp. 62-1304 (b) transcripts of such proceedings are to be made available without cost to indigent defendants.

A similar situation to that in the case at bar was presented in *Norvell v. Illinois,* 373 U. S. 420, 10 L. ed. 2d 456, 83 S. Ct. 1366. There a state prisoner, who was represented by a lawyer, was convicted in 1941 of the offense of murder. No appeal was taken. In 1956 in connection with his motion for new trial defendant requested a stenographic transcript of his trial. The reporter who had reported the trial was dead and no one was able to read his shorthand notes. An effort to reconstruct the transcript by means of witnesses who had attended the trial was unsuccessful. The motion for new trial was denied. It was held that a state, in a situation where no transcript of the trial is available due to the death of the court reporter, may without violation of the due process or equal protection clauses of the federal constitution deny relief to

one who, at the time of trial had a lawyer and who presumably had his continuing services for purposes of appeal and yet failed to appeal. It was further said:

"When, through no fault of the State, transcripts of criminal trials are no longer available because of the death of the court reporter, some practical accommodation must be made. . . .

"The 'rough accommodations' made by government do not violate the Equal Protection Clause of the Fourteenth Amendment unless the lines drawn are 'hostile or invidious'. . . . We can make no such condemnation here. For, where transcripts are no longer available, Illinois may rest on the presumption that he who had a lawyer at the trial had one who could protect his rights on appeal." (p. 424.)

And in *United States v. Pate*, 318 F. 2d 559, following the rationale announced in *Norvell*, it was held the inability of a court reporter to locate his notes of a state homicide trial and the inability of the state to furnish a transcript of trial, without any fault on its part, did not show a constitutional infringement of rights and did not warrant habeas corpus relief in federal court.

In the case at bar there is no indication of fault upon the part of the state. No hint of hostile or invidious discrimination appears toward appellant. He has not been denied a transcript because of indigency or for any other reason than the fortuitous circumstances related. We conclude the trial court properly denied his motion for relief.

Judgment affirmed.

APPROVED BY THE COURT.