No. 45,640

STATE OF KANSAS, *Appellee,* v. WILLIE D. GRANT, *Appellant.*

(468 P. 2d 227)

Opinion filed April 11, 1970.

*John E. Pyles,* of Wichita, argued the cause, and was on the brief for the appellant.

*James Z. Hernandez,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the defendant in a criminal action from a conviction of burglary in the second degree pursuant to K. S. A. 21-520 and sentence imposed under the habitual criminal act. ( K. S. A. 21-107a.)

The only questions presented on appeal are whether the appellant received sufficient notice that the state intended to invoke the provisions of the habitual criminal act, and whether he was prejudiced by the denial of a personal copy of the transcript of the trial.

Inasmuch as the criminal proceedings resulting in the appellant's conviction are not challenged, a brief statement of the facts will suffice.

The record discloses that at approximately 1:00 a. m. on March 18, 1968, the Isley Elementary School located in Wichita, Kansas, was burglarized by the appellant and another colored male identified as Arthur T. Walker. Walker pleaded guilty to the charge against him, but the appellant demanded and was given a jury trial. Throughout the trial he was represented by counsel and on appeal is represented in the Supreme Court by court-appointed counsel.

The appellant's trial commenced on October 23, 1968, and resulted in a verdict of guilty which was returned on the 25th day

of October, 1968. Upon receiving the verdict the state served written notice upon the appellant and his counsel of its intention to invoke the provisions of the habitual criminal act (K. S. A. 21-107a), a copy of which was filed with the clerk of the district court.

Pursuant to request the court gave the appellant five days, or until October 30, 1968, to file a motion for a new trial, and the court stated if the motion was filed, it would be heard on Friday, November 8, 1968, at 2:00 p. m.

Thereafter a motion for a new trial was filed, and the court after hearing the motion on the 8th day of November overruled it. The state then requested leave to present evidence of the appellant's prior felony conviction, but before the state could present its evidence, the appellant, through his attorney, stipulated that he had a prior felony conviction. This prior felony conviction was in the district court of Sedgwick County, the same court in which he was tried in the instant case.

The trial court found from the record and other competent evidence the appellant had a prior felony conviction, and that proper notice had been given to invoke the habitual criminal act. The court thereupon sentenced the appellant to the state penitentiary at Lansing, Kansas, there "to be confined for a period of not less than ten (10) years nor more than twenty (20) years for the charge of Second Degree Burglary, contrary to K. S. A. 21-520 and in accordance with K. S. A. 21-523 and K. S. A. 21-107a as provided by law."

Appeal has been duly perfected.

The appellant contends he did not have sufficient notice of the state's intention to invoke the habitual criminal act.

A similar contention was made in *State v. Peterson,* 198 Kan. 239, 424 P. 2d 552, where the court said:

"We find nothing to indicate that four days advance notice did not give the appellant ample time to prepare his defense under the habitual criminal act. The record fails to indicate any objection on this ground or any contention that more time would have enabled appellant to prepare a defense. . . ." (p. 241.)

The question of reasonable notice as to the habitual criminal act arose in *Goodwin v. State,* 195 Kan. 414, 407 P. 2d 528, where the court said:

"Reasonable notice of an intent to invoke the provisions of the habitual criminal statute is required, but no particular form thereof is necessary. The reason for such notice to be given is to afford an opportunity for a full and complete hearing as to whether the accused is properly subject to be sentenced under the act. This is a right which is subject to waiver." (p. 419.)

The court, following the principle announced in *Goodwin v. State,* supra, has said when a defendant freely admits the former felony convictions and does not object to the increased sentence, notice is waived and the judgment will not be set aside. (*Perrin v. State,* 198 Kan. 650, 426 P. 2d 39, and cases cited therein.) The same principle was announced in *Lieser v. State,* 199 Kan. 503, 430 P. 2d 243.

On the facts presented by the record herein, the appellant's contention that he was prejudiced by failure to receive sufficient notice of the state's intention to invoke the habitual criminal act has no merit for two reasons. First, the appellant had more than sufficient time to prepare a defense to any evidence of a prior conviction which the state might present. He had thirteen days after notice was served upon him to prepare this defense. This was adequate notice. Second, he did not object to the notice at the time of sentencing, and he made no effort whatever to collaterally attack the prior conviction on record in the same court in which he was tried for second degree burglary in the instant case. Instead he waived the right to defend by stipulating to the fact that he had a prior felony conviction as alleged by the state. He was represented by able counsel at the trial who advised and consulted with him on every major point.

The appellant next contends the trial court erred in refusing to send a copy of the trial transcript and files on record to him at the penitentiary in Lansing.

The appellant raised this question, and the previous question, in the trial court by what he denominated a motion for *nunc pro tunc* order on December 19, 1968. The trial court overruled this motion after hearing, and the journal entry discloses a stipulation to the effect that the original transcript of the proceedings herein was filed with the clerk of the district court on the 21st day of January, 1969, and the appellant's present court-appointed counsel had the transcript and court files in his possession since that time. (The journal entry is dated February 27, 1969.)

The court found the appellant's rights had not been violated, and that the court had no duty to send a copy of the transcript and court file to the appellant in prison, when the same was available in the clerk's office to his counsel.

The cases upon which the appellant relies have no application to the facts presently before the court. Here the appellant's attorney

had the trial transcript and court files in his possession and available for use in perfecting the appellant's appeal. It must be assumed appellant's counsel consulted with the appellant concerning matters in the record, and that he was fully informed and advised on all matters contained therein.

On the record here presented the appellant has not disclosed how he would have benefited from having a copy of the transcript and court files in his personal possession or how his rights were prejudiced.

We must conclude the points asserted by the appellant on appeal in this criminal action have no merit.

The judgment of the lower court is affirmed.