No. 47,895

George Gene Van Bebber, *Appellant*, v. State of Kansas, *Appellee*.

(551 P. 2d 878)

Opinion filed June 12, 1976.

*George A. Groneman*, of Kansas City, argued the cause, and *Darrel W. Frogley*, of Kansas City, was with him on the brief for the appellant.

*Philip L. Sieve*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Nick A. Tomasic*, district attorney, were with him on the brief for the appellee.

*Per Curiam:* This is an appeal from the denial of a motion pursuant to K. S. A. 60-1507.

The pertinent facts may be briefly summarized. On December 2, 1968, appellant George Gene Van Bebber was charged with two counts of first degree murder for the shooting deaths of two people. Counsel was retained and a jury trial was set for March 18, 1969. On that date, appellant entered a guilty plea to one of the two murder counts. The court dismissed the other count at the request of the prosecutor, accepted the guilty plea and sentenced appellant to life imprisonment in the Kansas State Penitentiary where he remains.

On November 25, 1974, appellant-movant filed, *pro se*, a motion pursuant to K. S. A. 60-1507 seeking to have his conviction and sentence set aside. His stated grounds for relief were (1) several witnesses for the state lied to investigating officers and perjured themselves in testifying, (2) his attorney coerced him into pleading guilty and failed to adequately represent him, and (3) his plea and subsequent sentence constituted a miscarriage of justice.

The district court appointed an attorney for the movant and, although the movant in his *pro se* motion did not indicate by whom he expected to prove his points, held a hearing on December 19, 1974, without the movant being present and permitted counsel to present the evidence which would be submitted if a formal hearing were to be held with movant present. The court found the offers showed that no grounds for relief could be substantiated, that no further hearing was required, and that the presence of the movant was unnecessary. This appeal is from that decision.

The appellant first contends the district court erred in failing to grant him a full evidentiary hearing. We disagree.

Guidelines for granting a full evidentiary hearing are provided by statute, Supreme Court Rule and case law. A hearing should be granted unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. (*Morrow v. State,* 219 Kan. 442, 548 P. 2d 727; K. S. A. 60-1507 [*b*]; Kan. Sup. Ct. R. 121 [*f*], 214 Kan. xxxix [1974].) The court may entertain and determine such motion without requiring the prisoner to be present at the hearing. (K. S. A. 60-1507 [*b*].) The district court has discretion to decide if a claim is *substantial* before granting a full evidentiary hearing with the movant present. (Kan. Sup. Ct. R. 121 [*h*], 214 Kan. xxxix [1974].) The action of the district court in the instant case was consistent with these guidelines.

The tendered evidence would have shown that a potential witness may have given a statement to the county attorney which was at variance with the facts, if a tendered affidavit from a filling station attendant were to be believed. Further, it was indicated that a police inspector would testify as to the movant's statements to him, and that the movant's statements to the inspector would exonerate him of the crime. The third offer was that the testimony of the movant himself would show that his retained attorney coerced him into pleading guilty "by the threat that a jury would sentence him to death," and that he pleaded guilty "because he had been in isolation most of the time he was in jail awaiting trial and that he pled guilty to get the case over and to spare his family the adverse publicity of a trial."

A 1507 movant must allege facts which, if true, would entitle him to relief. (*Morrow v. State,* supra; *Rhone v. State,* 211 Kan. 206, 505 P. 2d 673.) Even if true, the movant's offers of proof would not entitle him to relief. The tendered affidavit would have in no way exonerated the movant from his involvement in the crimes. The proposed testimony of a police inspector amounted to the movant's own statements rather than any independent knowledge on the part of that witness. The choice of pleading guilty after consultation with counsel to avoid a possible death sentence does not, of itself, amount to coercion. (*Davis v. State,* 204 Kan. 372, 461 P. 2d 812.) Neither is confinement in isolation, of itself, sufficient to render a guilty plea involuntary or coerced. (*Reid v. State,* 213 Kan. 298, 515 P. 2d 1040.) Moreover, the proceedings in district

court at the time the guilty plea was entered were in every respect regular and the allocution of the court thorough, showing the guilty plea was entered knowingly and voluntarily.

Based on the files and records of the case, the motion and the offers of proof, the district court was correct in finding that appellant's motion was without merit and that a further hearing with movant present was unnecessary.

The appellant further complains of the district court's refusal to provide him *personally* with copies of transcripts of proceedings in the criminal action at the expense of the state. The application was made after filing the notice of appeal herein and presumably for the purpose of aiding the petitioner in perfecting his appeal. The appellant does not contend his court appointed counsel was denied copies of the transcripts. Since his counsel had the transcripts, that is all that was necessary to meet requirements of justice. Furthermore, this court has held that the denial of a transcript at public expense in proceedings under K. S. A. 60-1507 is not a constitutional infringement. See *Miller v. State*, 204 Kan. 223, 460 P. 2d 501; and *Jackson v. State*, 204 Kan. 823, 465 P. 2d 927. What this court said in *State v. Grant*, 205 Kan. 220, 468 P. 2d 227, disposes of this contention. There, we said it must be assumed that appellant's counsel, who had the transcript, consulted with the appellant and that he was fully informed and advised. It is not disclosed how the appellant in the instant case would have benefited from having a separate personal copy, or how his rights were prejudiced.

For the reasons stated, the judgment of the district court is affirmed.